Hough, J.,
concurring. .1 adhere to the conclusion announced at the prior disposition of this case. The burden of the majority opinion upon the first hearing of the case rested largely upon the former holding of this court in the case of The American Woodevrware Mfg. Co. v. Schorting, 96 Ohio St., 305. Then, as now, the court was sharply divided, and a prompt and very forceful brief on application for rehearing was filed. The Schorling case was also decided by a divided court. One judge who dissented in that case also dissented in this. The author of the opinion in that case did not concur in the opinion of the majority in the Patten case. Because of this variety of views on the part of the members of the court, together with an appreciation of the importance of the questions argued, and with the idea, of obtaining more light upon the subject, I felt it my duty to support the application for rehearing. This was done and the case was resubmitted and re- *17 argued, resulting in no change of position on the part of any of the members of the court.
Under such situation I deem it appropriate, in justice to myself, to briefly outline in the form of this concurring opinion my views on the issues presented.
The question to be determined is whether Section 12593, General Code, is a “lawful requirement for the protection of the lives and safety of employes,” within the meaning of Section 1465-76, General Code, and Section 35, Article II of the Constitution of Ohio as amended in 1912.
A compensation law existed in this state prior to the constitutional convention of 1912. In lieu of the term “lawful requirement,” used in the present Workmen’s Compensation Law, the former act used the clause, “any municipal ordinance or lawful order of any duly authorized officer, or any statute for the protection of the life or safety of employes.”
This court in passing upon that act, probably upon its constitutionality, used the term “lawful requirement” as descriptive of the above clause, and, then, when the constitution-makers proposed Section 35, Article II, for adoption, they borrowed the term “lawful requirement” as descriptive of that clause cf the then existing compensation law. Later the legislature adopted the term used in the constitution, and in this way the term “lawful requirement” was injected into the substantive law of this state.
Its meaning and scope is therefore derived from and limited to the language as written into the first compensation law. To be, then, within the exception of Section 29 of the Workmen’s Compensation *18 Law (103 O. L., 84), there must be a failure to comply with some ordinance, statute, or lawful order of the commission.
If it be an order, it must be a lawful order; it must be such an order as the commission has the authority to issue; it must be reasonable,' in contradistinction to arbitrary, or one impossible of performance; and, if it be an ordinance or statute, it undoubtedly must be a valid ordinance or statute, an act having constitutional as well as effective operative power behind it.
Patten is so situated in relation to his employer that he comes within the purview of the Workmen’s Compensation Act, unless he may be taken outside its provisions by this term “lawful requirement.” It is his claim that he comes within this exception, and that Section 12593, General Code, gives him that right to so claim.
The section itself is penal in nature, but whether or not it is penally enforceable can in no way affect the question in this case. Neither is it important to determine whether it is enforceable in any degree, either for or against a party not so situated as to come within the terms of the Workmen’s Compensation Law.
I know of no reason by which the constitutionality of the act can be assailed. The argument is made that if the statute is not available to Patten in this ease, it must be unconstitutional. This is not true. A law may be in harmony with various provisions of the constitution, and yet fail to be operative, or enforceable, or applicable to a given situation.
The Schorling case, supra, decided that the term “lawful requirement” as used in Section 35, Ar *19 ticle II of the Constitution, and Section 29 of the Workmen’s Compensation Law (103 O. L., 84), “does not include a general course of conduct, or those general duties and obligations of care and caution which rest upon employers and employes, and all other members of the community, for the protection of life, health and safety.”
This is a definite announcement of law as it exists in this state today. The court there had under consideration whether or not Sections 15 and 16 of the Industrial Commission Act (103 O. L., 95), were lawful requirements, and the court held in effect that those sections simply represented the groundwork and machinery for putting the Workmen’s Compensation Law and the Industrial Commission Act into operation. Those sections represented the authority for the commission and its duly authorized officers to issue general and special orders concerning places of employment, to secure the lives, health and safety of the employes.
The abstract proposition quoted above of course applies to the state of facts that existed in the Schorling case, and must be so construed. But, further, and beyond that case, it announced a rule of law definitely and concisely, and that rule of law is that the term “lawful requirement” as used in the constitution and in the statute does not include or refer to a cause of action that was formerly recognized as a common-law action. To my mind this is a very salutary rule, establishing a definite line of demarcation for the guidance of the general public. If a cause of action is founded on general negligence and nothing else, and the right of action accrues to one coming within the terms of the Workmen’s Compen *20 sation Law, he must look to that law for relief, and he must not take advantage of an act of the legislature on the statute books, or an ordinance, unless the terms of that act furnish him something as an element of his cause of action above and beyond the pale of that which was formerly contemplated by the common law.
In examining the elements of negligence charged in the petition, and the proof submitted thereunder in the bill of exceptions, in the present case, and analyzing both in the light of the provisions of Section 12593, General Code, I am able to find nothing over, above, or beyond a simon-pure common-law action for negligence.
If there were a specific requirement in that section, upon which was fastened an allegation of failure or refusal to comply, supported by proof, the conclusion would necessarily be different. Any other rule adopted, or position taken, would permit the Workmen’s Compensation Law to drift into an unconstitutional operation. As it stands now, its constitutionality approved by this court, and by the United States supreme court, it is a fair protection to both employer and employe, and it represents an approved policy of this state, as exemplified by the action of the legislature and the subsequent approval of this court.
My conclusion therefore is that Section 12593, General Code, for the purposes of this action is unenforceable as a lawful requirement, such as intended under the exception in Section 29 of the Workmen’s Compensation Law, and Section 35, Article II of the Constitution of Ohio. And I resent the imputation or insinuation that the provisions of *21 the constitution are any less sacred to me or regarded in any less solemn light, by me than by any other member of this or any other court.